# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0545, <u>State of New Hampshire v. Paul Stratton</u>, the court on December 4, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Paul Stratton, was convicted by a jury of three counts of aggravated felonious sexual assault (AFSA), <u>see</u> RSA 632-A:2, I(l), II (2016); two counts of pattern AFSA, for which he was not sentenced, <u>see</u> RSA 632-A:1, I-c, :2, III (2016); six counts of felonious sexual assault, <u>see</u> RSA 632-A:3, II (2016), III (1996) (amended 2003), :3, III (2016); two felony counts of endangering the welfare of a child, <u>see</u> RSA 639:3, III (2016); and two felony counts of incest, <u>see</u> RSA 639:2 (2016). The defendant's convictions stem from acts involving his three grandsons. On appeal, he argues that the Superior Court (<u>Brown</u>, J.) erred by denying his motion to sever the charges by victim into three separate trials. We affirm.

The decision to join multiple charges is a discretionary matter left to the trial court. <u>State v. Brown</u>, 159 N.H. 544, 550 (2009) (decided under former Superior Court Rule 97-A). We will uphold the trial court's decision unless it constitutes an unsustainable exercise of discretion. <u>Id</u>. To establish an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. In applying our unsustainable exercise of discretion standard of review, we determine only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. <u>State v. Plantamuro</u>, 171 N.H. 253, 255 (2018). Our task is not to determine whether we would have found differently, but is only to determine whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it. <u>Id</u>. The defendant bears the burden of demonstrating that the trial court unsustainably exercised its discretion. <u>Id</u>.

New Hampshire Rule of Criminal Procedure 20 governs the joinder of criminal offenses and distinguishes between charges that are related and unrelated. Under Rule 20, related charges include those that are "alleged to have occurred during separate criminal episodes, but nonetheless are logically and factually connected in a manner that does not solely demonstrate that the accused has a propensity to engage in criminal conduct." <u>N.H. R. Crim. P.</u> 20(a)(1)(C). When a party moves to join related charges, the trial court must

join them unless it determines that joinder is not in the best interests of justice. N.H. R. Crim. P. 20(a)(2). "If it appears that a joinder of offenses is not in the best interests of justice, the court may upon its own motion or the motion of either party order an election of separate trials or provide whatever other relief justice may require." N.H. R. Crim. P. 20(a)(5).

The defendant argues that the trial court erred both by finding that the charges against him are logically and factually connected and by not finding that joinder was contrary to the best interests of justice. We address each argument in turn.

Whether multiple offenses are "logically and factually connected in a manner that does not solely demonstrate . . . propensity to engage in criminal conduct is largely determined by the close relationship among the offenses with respect to both the underlying charged conduct and the evidence to be used to prove the charges." Brown, 159 N.H. at 551 (quotation omitted). The following factors are relevant to assessing relatedness: (1) the temporal and spatial relationship among the underlying charged acts; (2) the commonality of the victim(s) and/or participant(s) for the charged offenses; (3) the similarity in the defendant's mode of operation; (4) the duplication of law regarding the crimes charged; and (5) the duplication of witnesses, testimony, and other evidence related to the offenses. Id. at 551-52. No single factor is dispositive. Id. at 552. "Our appraisal of [relatedness] is forward-looking, not backward-looking," meaning that we assess the relatedness of charges based upon the evidence before the trial court at the time of its ruling, and "not on what a post-hoc autopsy of the trial transcript might suggest." United States v. Sabean, 885 F.3d 27, 42 (1st Cir. 2018).

The defendant asserts that the charges were not related because: (1) none of the charges were alleged to have occurred simultaneously, as none of the victims witnessed an assault against the other victims; (2) "there is little overlap in the time periods alleged"; (3) "the collective charged period – from May 2003 through March 2017 – is much longer than one tends to see in joint trials of offenses involving separate criminal episodes"; (4) "there was no commonality among the victims and participants . . . in the sense relevant to the severance analysis"; (5) "it is common for sexual assaults to take place in the perpetrator's bedroom," and "the familial relationship here" does not "define[ ] a unique or signature method"; (6) "there are as many distinctions as there are similarities" in the law relating to the charges; and (7) because there were only four witnesses at trial, the three grandsons and a police detective, and because none of the victims witnessed the assaults of the other victims, separate trials would have involved little duplication of evidence.

Although this is a close case, upon this record, we cannot conclude that no reasonable person could have reached the trial court's conclusion that the charges were related. See Plantamuro, 171 N.H. at 255. Here, as the State

2

argued in its objection to the defendant's motion to sever, the charges were logically and factually connected in many respects. As the State asserted, "there is a close temporal and spatial relationship among the underlying charged acts" because: (1) "[t]he three victims described almost all of the[ ] assaults as occurring in the same room of the house [—] the defendant's bedroom"; and (2) the assaults against two of the victims allegedly occurred between 2009 and 2010, and, thus, the time period for those assaults overlapped. In addition, as the State argued, there is commonality in that "[a]ll of the [alleged] assaults were committed by the defendant . . . against his three grandsons, who were living with him at the time." As the State asserted, the defendant is the grandfather of all three victims; all three victims lived in the same house as the defendant when the alleged assaults occurred; most of them occurred in the same house; and almost always the alleged assaults occurred in the defendant's bedroom.

Moreover, some of the alleged assaults involved the same modus operandi in that all three victims reported being assaulted by the defendant while sharing a bed with him. Further, as the State observed in its objection, the jury would have had to apply the same law in evaluating the charges involving each victim because the felonious sexual assault charges were divided among all three victims, and the AFSA charges were divided between two of the victims. Finally, the State informed the trial court that it anticipated a "substantial duplication of the witnesses, testimony, and evidence related to the offenses" because the same detective who interviewed one of the victims was present for later interviews of the other two victims, and all three victims disclosed the assaults to their father, who contacted the police. Upon this record, although the defendant's criminal conduct may have taken place over several years and involved three different victims, we cannot say that it was unreasonable for the trial court to have determined that the charges were sufficiently logically and factually connected as to make their joinder appropriate.

Nor do we agree with the defendant's alternative argument that "[e]ven if the charges were related, the interests of justice required [them] to be severed." (Emphasis omitted.) The "best interests of justice" standard in Rule 20 means that

> charges should be tried separately whenever it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence, which includes evaluating whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently to each offense.

Brown, 157 N.H. at 555 (quotations omitted).

3

Here, as the State observed in its objection to the defendant's motion to sever, "the evidence underlying each charge [was] not complex and pose[d] little danger of confusing the jury." Each charge pertained to specific sexual assaults committed against a specific victim. Thus, upon this record, the trial court reasonably could have found that the "best interests of justice" standard was not met.

Moreover, the trial court specifically instructed the jury that it had to consider each charge separately and that it could not indulge in propensity-based inferences. During the State's opening statement, at the defendant's request, the court informed the jury:

> Members of the jury, you just heard -- there was a suggestion that the Defendant had a habit to do this or to do that. We're not indicting anyone on habits; we're indicting a person -- charging a person and bringing a person before the Court and before you, on specific elements of each charge. Okay? So you have to look at the indictments and see whether the State has proven beyond a reasonable doubt each element of the charges that were read to you. Okay? You can't go by habit, or instinct, or something like that. It has to be specific to the charges that are before you. All right? Can you all do that? Okay.

In addition, also at the defendant's request, the trial court included the following instructions in its charge:

> In this case, the Defendant is charged with several counts of aggravated felonious sexual assault, felonious sexual assault, incest, and endangering the welfare of a child. Each of these indictments constitutes a separate offense. You must consider each indictment separately in determining whether the State has proven the Defendant's guilt beyond a reasonable doubt. The fact that you may find the Defendant guilty or not guilty on any one of the indictments, should not influence your verdict with respect to the other indictments.
>
> Although several of the indictments allege aggravated felonious sexual assault, the vari[ous] indictments require proof of different elements. And I have prepared the chart that we've talked about for you that sets [forth] the indictment numbers, the general conduct alleged, the alleged victim, and the time frame during which the conduct is alleged to have occurred.

Jurors are presumed to follow the trial court's instructions, see State v. Smith, 149 N.H. 693, 697 (2003), and we conclude that the trial court's jury instructions sufficiently mitigated the potential for juror confusion.

4

Based upon this record, we hold that the defendant has failed to establish that the trial court unsustainably exercised its discretion by denying his motion to sever. See Brown, 159 N.H. at 550. All issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived. See State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**